3051476-LRB/AMF                                             Atty No. 31301-53

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| MARY EDWARDS and BRET EDWARDS, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )     Case No. 2:22-cv-171 |
| | ) |
| | ) |
| EDISON EGALITE and | ) |
| ROADWAY MOVERS INC., | ) |
| | ) |
|     Defendants. | ) |

## <u>NOTICE OF REMOVAL</u>

NOW COME the Defendants, EDISON EGALITE and ROADWAY MOVERS INC., by and through their attorney, Anne M. Fishbeck of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action to the United States District Court for the Northern District of Indiana, Hammond Division, and in support thereof, state as follows:

1.    This matter arises from an alleged February 19, 2020, motor vehicle accident in Lowell, Lake County, State of Indiana. (*See* Amended Complaint attached as Exhibit A). Plaintiff, Mary Edwards, alleges that she "was severely and permanently injured, incurred medical expenses for care, testing, and treatment, and suffered mental and physical pain, loss of earnings, loss of earnings capacity, disfigure and deforming, humiliation, and mental anguish." (Ex. A, ¶ 9).

2.    On October 14, 2021, the Plaintiffs filed a Complaint in the Superior Court of Lake County, Indiana bearing Case No. 45D02-2110-CT-001025. (A copy of the Complaint is attached as Exhibit B).

3.      Defendants, Edison Egalite and Runway Movers Inc., seek to remove this matter based upon subject matter jurisdiction conferred by diversity of citizenship and amount in controversy, as established in 28 U.S.C. § 1332.

4.      Shown below, diversity of citizenship exists, the Defendants assert a good faith basis that the amount in controversy exceeds $75,000.00, and Removal is timely.

## ARGUMENT

**Diversity of Citizenship Exists**

5.      Plaintiffs, Mary Edwards and Bret Edwards, are currently and were at the time of the subject incident domiciled, a citizen and resident of the State of Indiana. (Ex. A, ¶ 1).

6.      At the time of the subject accident, at the time the Complaint was filed in the Superior Court of Lake County, and at the present time, Defendant, Edison Egalite, was and is a citizen of the State of Massachusetts. (Ex. A, ¶ 2).

7.      At the time of the subject accident, at the time the Complaint was filed in the Superior Court of Lake County, and at the present time, Defendant, Roadway Movers Inc., was and is a citizen of the State of New York. The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8.      At the time of the occurrence, at the time the Complaint was filed in the Superior of Lake County, and at the present time, Defendant, Roadway Movers Inc., was and is incorporated in the State of New York. (*See* Roadway Movers, Inc.'s Division of Corporations Entry attached as Exhibit C).

9.      The United States Supreme Court stated that a corporation's principal place of business is determined by the "nerve center" test. The Court explained that:

> … the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the …corporation's nerve center. And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center, and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.*, 559 U.S. at 92-93. At the time of the alleged subject occurrence, at the time the Complaint was filed in the Superior Court of Lake County, and at the present time, Defendant, Roadway Movers Inc., maintained its principal place of business in the State of New York. (Ex. C).

10.    Thus, Roadway Movers Inc. meets both prongs of citizenship laid out by the United States Supreme Court and is deemed a citizen of Ontario, Canada.

11.    Complete diversity of citizenship exists between Plaintiffs, Mary and Bret Edwards, and Defendants, Edison Egalite and Roadway Movers Inc.

**The Amount in Controversy Exceeds $75,000.00**

12.    Plaintiffs alleges in her complaint that as a result of the incident she "was severely and permanently injured, incurred medical expenses for care, testing, and treatment, and suffered mental and physical pain, loss of earnings, loss of earnings capacity, disfigure and deforming, humiliation, and mental anguish." (Ex. A, ¶ 9).

13.    The movants believe in good faith that the amount in controversy is in excess of the jurisdictional limit of $75,000.00, based on information provided by Plaintiffs' counsel regarding the plaintiffs' alleged damages.

**Removal Is Timely Filed**

14.    This Notice of Removal was filed within (30) thirty days of "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

15.     Defendant, Roadway Movers Inc., was served on or about January 31, 2022. (*See* Proof of Service attached as Exhibit D). Defendant, Roadway Movers Inc. timely filed its Appearance and Answer on February 18, 2022. (*See* Appearance and Answer attached as Exhibit E).

16.     Plaintiffs' filed a motion for default for Defendant, Edison Egalite, on April 20, 2022. Plaintiffs never perfected service on Defendant, Edison Egalite, and as such Defendant Egalite agreed to waive service on April 25, 2022. The default order was withdrawn on May 3, 2022. (Withdrawal of Default Order attached as Exhibit F).

17.     Plaintiffs' filed a motion to file an amended complaint, which was granted, and an amended complaint was filed on May 4, 2022. (Ex. A). The Defendants timely Answered the amended complaint on May 25, 2022. (Defendant, Egalite's Answer is attached as Exhibit G and Defendant, Roadway's Answer is attached as Exhibit H).

18.     Counsel for Defendants requested information related to Plaintiff's claimed damages on April 25, 2022. Plaintiffs' counsel relayed via email the extent of the plaintiff, Mary Edwards, medical treatment on May 25, 2022, at which time counsel for Defendants ascertained that this case was one that was removable. This is the first notice that Defendants' counsel had of the extent of the plaintiff, Mary Edwards' medical treatment claimed to be related to the alleged accident. The disclosed medical treatment is such that the Defendants have a good faith basis that the amount in controversy exceeds $75,000.00.

19.     As established in this Notice, Defendants have properly filed its Notice of Removal within the applicable thirty-day period. The time period set forth in §1446 is mandatory and should be strictly construed. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir.

1982). Defendants have complied with this thirty-day deadline. Therefore, Defendants' Notice of Removal is timely filed.

20.     As required by 28 U.S.C. §1446(d), the movants will promptly serve upon Plaintiffs' counsel and file with the Superior Court of Lake County a true and correct copy of this Notice.

21.     As required by 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants in this action is attached hereto along with a copy of the State Court Record is attached as Exhibit I. A copy of the online docket as of June 24, 2022 is attached as Exhibit J.

22.     By removing this action, Defendants do not waive any defenses available to them.

23.     If any question arises as to the propriety of the removal of this action, the movants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

24.     This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, EDISON EGALITE and ROADWAY MOVERS INC., by and through their attorney, Anne M. Fishbeck of SmithAmundsen LLC, pray that this Honorable Court retains jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Movants further pray should this Court require hearing that they be afforded the opportunity to present a brief and oral argument in support of their position. Defendants pray for further and other relief as this Court deems proper and just.

Respectfully submitted,

s/ Anne M. Fishbeck

By:     Anne M. Fishbeck – Bar Number 31301-53

Attorney for Defendants,
Edison Egalite and Roadway Movers Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 455-3908
Fax: (312) 894.3210
E-Mail: afishbeck@salawus.com

Anne M. Fishbeck
Attorneys for Defendants,
Edison Egalite and Roadway Movers Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 455-3908
Fax: (312) 894.3210
E-Mail: afishbeck@salawus.com

3051476-LRB/AMF                                                            Atty No. 31301-53

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

MARY EDWARDS and BRET EDWARDS,      )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )       Case No.
                                    )
                                    )
EDISON EGALITE and                  )
ROADWAY MOVERS INC.,                )
                                    )
    Defendants.                     )

### CERTIFICATE OF SERVICE

    The undersigned certifies that on the **24th day of June, 2022**, she served a copy of **Notice of Removal** on:

    Matthew D. LaTulip
    Weston Court
    250 E. 90th Drive
    Merrillville, Indiana 46410
    LaTulipLaw@LaTulipLaw1.com

via e-mail and first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m. on the 24th day of June, 2022.

                                             [x]    Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: June 24, 2022

                                                s/ Anne M. Fishbeck_____

Anne M. Fishbeck
Attorneys for Defendants,
Edison Egalite and Roadway Movers Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601